UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

OCT 3 0 2013

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

JERRY ALLEN PHILLIPS,

        Plaintiff

v.                                                                          No.: 2:13-cv-59

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

## REPORT AND RECOMMENDATIONS

      The Plaintiff, Jerry Phillips ("Mr. Phillips), brought this action under Sections 216(i), 223(d) and 1614(a)(3)(A) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Acting Commissioner of Social Security ("Acting Commissioner") that denied his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Act.

      The parties' Motions for Summary Judgment were referred for disposition to the undersigned United States Magistrate Judge in accordance with 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Local Rule 72, and the April 2, 2002 Standing Order on Assignment of Certain Matters to United States Magistrate Judges. For the following reasons, the undersigned **RECOMMENDS** the Acting Commissioner's Motion for Summary Judgment, ECF No. 11, be **GRANTED**, Mr. Phillips' Motion for Summary Judgment, ECF No. 8, and his Motion for Remand, ECF No.9, be **DENIED**, the final decision of the Acting Commissioner be **AFFIRMED**, and this matter be **DISMISSED WITH PREJUDICE**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 24, 2010, Mr. Phillips applied for DIB and SSI, claiming as severe impairments rhabdomyolysis, kidney disorder, cardiac disorder, diabetes mellitus, and back disorder, with a disability onset date of August 14, 2009. R. 12, 14.[1] He is eligible to receive Social Security Disability Benefits until March 31, 2015. R. 14. Mr. Phillips' DIB and SSI applications were initially denied on August 17, 2010, R. 12, and again after reconsideration on February 10, 2011. R. 12. Mr. Phillips requested a hearing before an Administrative Law Judge ("ALJ") of the Social Security Administration ("SSA"), R. 12, which was held on December 21, 2011. R. 12. Mr. Phillips appeared by counsel and testified at the hearing. R. 33-50. The vocational expert ("VE") also appeared and testified. R. 50. The ALJ denied Mr. Phillips' applications for DIB and SSI and issued a decision to this effect on February 6, 2012. R. 9.

Pursuant to the well-known five-step analysis, the ALJ found under the first step that Mr. Phillips met the insured status requirements of the Act through March 31, 2015, R. 14, and had not engaged in substantial gainful activity since August 14, 2009, the alleged disability onset date. R. 13. Under the second step, the ALJ also found that Mr. Phillips' rhabdomyolysis, kidney disorder, cardiac disorder, diabetes mellitus, and back disorder constituted severe impairments. R. 14. However, under the third step, the ALJ determined that Mr. Phillips did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. R. 16. Under the fourth step, the ALJ also determined that Mr. Phillips had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except he requires the opportunity to alternate positions between sitting and standing. R. 16. Mr. Phillips also is exempt from climbing or being exposed to

---

[1] "R." refers to the certified administrative record that was filed under seal on April 10, 2013, pursuant to Local Civil Rules 5(B) and 7(C)(1).

2

heights or hazards, but is capable of performing other postural activities no more than occasionally. *Id.* Therefore, the ALJ concluded Mr. Phillips has not been disabled as defined in the Act since his alleged disability onset date. R. 22.

Mr. Phillips requested review of the ALJ's decision by the Appeals Council on February 22, 2012. R. 7. The Appeals Council denied review on December 3, 2012, R. 1, rendering the ALJ's decision "the final decision" pursuant to 42 U.S.C. § 405(g). *See* 20 C.F.R. §§ 404.981, 416.1481.

Mr. Phillips, by counsel, filed a Motion for Summary Judgment and a memorandum in support of his motion on May 2, 2013. The Commissioner filed a Motion for Summary Judgment and a memorandum in support of the motion on June 3, 2013. In his Motion, Mr. Phillips raises two issues on review: (1) the ALJ failed to follow the Treating Physician Rule in assigning Dr. Moseley's medical opinion only moderate weight; and (2) the ALJ failed to properly evaluate Mr. Phillips' credibility. Mr. Phillips replied to the Commissioner's Motion for Summary Judgment and memorandum in support of his motion on June 18, 2013. The matter is ready for disposition, and for the reasons stated below, the Court would grant the Acting Commissioner's Motion for Summary Judgment.

## II. **STANDARD OF REVIEW**

Judicial review of a final decision regarding disability benefits under the Act, 42 U.S.C. § 301 *et seq.*, is specific and narrow. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *see* 42 U.S.C. § 405(g). This Court's review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the proper legal standard was applied. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The Commissioner may resolve conflicts or inconsistencies in the evidence which the Court is to review for clear error or lack of

3

substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). If the Commissioner's conclusion is reasonable and supported by substantial evidence, the Court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966). Substantial evidence is considered to be "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* at 642.

It is the duty of the Commissioner to make findings of fact and resolve conflicts of evidence. *Hays*, 907 F.2d at 1453 (citing *King v. Califano*, 599 F.2d 497, 599 (4th Cir. 1979)). The Court does not conduct a *de novo* review of disability determinations. *King*, 599 F.2d at 599. The Court does not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the Secretary." *Craig*, 76 F.3d at 589 (citing *Hays*, 907 F.2d at 1456). The denial of benefits will be reversed only if no reasonable mind could accept the record as adequate to support the determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## III. ANALYSIS

### A. The ALJ Weighed the Treating Physician's Opinion in Accordance with the Required Rules and Regulations pursuant to 20 C.F.R. § 416.927.

Mr. Phillips argues that the ALJ failed to follow the Treating Physician Rule by assigning only moderate evidentiary weight to treating physician Dr. Moseley's medical opinion. ECF No. 10 at 11-15. The ALJ determines the weight of each medical opinion. 20 C.F.R. §§ 404.1527, 416.927. Under the Treating Physician Rule, the opinion of a claimant's treating physician will be given great weight, and such opinion may be disregarded "only if there is persuasive contradictory evidence in the record." *Coffman v. Brown*, 829 F.2d 514, 517 (4th Cir. 1987). However, a treating physician's opinion is not automatically assigned controlling weight. *Hines*

4

*v. Barnhart*, 453 F.3d 559, 563 n.2 (4th Cir. 2006) ("The treating physician rule is not absolute. An 'ALJ may choose to give less weight to the testimony of a treating physician if there is persuasive contrary evidence.'"). If any of the evidence is inconsistent, the ALJ must decide which evidence should receive controlling weight. 20 C.F.R. §§ 404.1527(c)-(d), 416.927(c)-(d). "The regulations provide that a treating physician's opinion is entitled to controlling weight only where it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); SSR 96-2p.

If the treating doctor's opinion is inconsistent with other substantial evidence in the record, or is not well supported by medically acceptable techniques, that opinion will not be given controlling weight. *Baxter v. Astrue*, No. 3:11-CV-679, 2013 WL 499338, at *4 (E.D. Va. Feb. 7, 2013). Further, the treating physician's opinion will not be given controlling weight if the physician opines on an issue reserved for the Commissioner, including whether the claimant is disabled for employment purposes. *Jarrells v. Barnhart*, No. 7:04-CV-00411, 2005 WL 1000255, at *4 (W.D. Va. Apr. 26, 2005); 20 C.F.R. §§ 404.1527(d)(3), (e), 416.927(d)(3), (e). Pursuant to 20 C.F.R. § 404.1527(c), unless a treating physician's medical opinion is afforded controlling weight, the ALJ must consider non-exhaustive factors, which include whether: (1) the physician has examined the claimant; (2) the physician has treated the claimant, and the nature, extent, and length of the treatment relationship; (3) the medical opinion is supported by relevant evidence, particularly medical signs and laboratory findings; (4) the opinion is consistent with the record as a whole; (5) the treating physician is a specialist in the field of which he is opining;

5

and (6) other factors. 20 C.F.R. § 404.1527(c)(1)-(6).[2]  The ALJ is also required to articulate the reasons for the weight given to a treating source's medical opinions.   20 C.F.R. § 404.1527(d)(2).  In light of these principles, Mr. Phillips argues the ALJ improperly weighed the opinions of his treating physician, Dr. Moseley, giving it only moderate weight and affording the non-examining state agency medical consultant's opinion significant weight.  ECF No. 10 at 12.

The ALJ did not give controlling weight to Dr. Moseley's opinion because of the inconsistences with objective medical evidence in the record.  R. 18, 19.  The ALJ found that several of Dr. Moseley's physical examinations were subjective, particularly with respect to Mr. Phillips' complaints of pain with range of motion and tenderness to palpitation.  R. 19. Therefore, Dr. Moseley's objective findings were influenced by Mr. Phillips' subjective complaints of pain.  R. 18, 19.  Although a doctor should consider a patient's subjective complaints, these complaints must be supported by objective medical evidence.  *Craig v. Chater*, 76 F.3d at 591-592 ("Subjective claims of pain must be supported by objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by the claimant").

Several specialists and consultants treating Mr. Phillips, including physical examinations conducted by Dr. Moseley, yielded normal test results: on January 28, 2010, Mr. Phillips' consultation with a neurological specialist found his test results to be "unremarkable."  R. 19, Ex. 15F; Mr. Phillips complained of tachycardia, but an exercise treadmill test proved negative for ischemia and his cardiologist found his physical exam in February 2010 to be largely normal.  R. 18, Ex. 2F; since February 2010, Mr. Phillips' cardiology examinations have nearly always been normal and do not require significant treatment.  R. 18, Exs. 5F, 11F, 12F, 15F, 16F, 18F; Mr.

---

[2] The same factors and considerations in evaluating medical opinion evidence apply equally to a claimant's DBI and SSI claims. *See* 20 C.F.R. §§ 404. 1527(c)(1)-(6); *see also* 20 C.F.R. §§ 416.927(c)(1)-(6).

Phillips' MRI showed mild spinal stenosis at L3-L4 and mild degenerative changes elsewhere, but a July 27, 2010 consultation for back pain yielded mostly normal results.[3] R. 18, Ex. 7F; in July and August 2010, Mr. Phillips' consultations and physical examination results with a gastroenterologist and hematologist/oncologist were generally normal. R. 19, Ex. 12F.

Even examinations conducted by Dr. Moseley were relatively normal, including visits on July 2, 2010, where his physical examination showed normal results, including his gait, despite Mr. Phillips' complaints of muscle fatigue and weakness. R. 18, 19; July 22, 2010, where Dr. Moseley's examination of Mr. Phillips was normal, with the exception of a limping gait. R. 19; and June 1, 2011, where Mr. Phillips complained of symptoms of fatigue and his hair falling out, but the physical exam was generally normal and his blood sugars had actually shown improvement. R. 19, Ex. 16F. Lastly, on January 17, 2011, Mr. Phillips saw Dr. Moseley, complaining of shoulder/back pain and decreased strength, R. 19, but on March 4, 2011, another doctor noted that he could do nothing on Mr. Phillips' examination to cause any obvious shoulder symptoms and did not understand why Mr. Phillips required so much daily pain medication. R. 19, Ex. 15F.

The ALJ also found that Mr. Phillips only sought conservative treatment for his impairments, which did not include physical therapy, surgeries, any inpatient hospitalizations, or significant hospital room visits. R. 19. This is inconsistent with the level of limitations asserted by Dr. Moseley. R. 18-20. The ALJ is permitted to consider the fact that Mr. Phillips only sought a conservative course of treatment and that it proved effective. SSR 96-7p (providing that the ALJ may consider a claimant's daily activities, as well as the effectiveness of any medication

---

[3] Mr. Phillips was found to have a steady gait without any antalgia, full active range of motion in the lumbar spine and lower extremities, and 5/5 strength in all major muscle groups. R. 18. Ex. 10F.

that the claimant takes and the treatment that the claimant receives for relief of pain and other symptoms).

Dr. Moseley wrote several letters and two multiple impairment questionnaires, detailing Mr. Phillips' condition, indicating that he is not able to work. R. 19-20. It is within the province of the ALJ to determine the disability status for employment purposes. *Jarrells v. Barnhart*, No. 7:04-CV-411, 2005 WL 1000255, at *4 (W.D. Va. Apr. 26, 2005); 20 CFR §§ 404.1527(d)(3), (e). Dr. Moseley's letters are not consistent with the overall objective medical record as indicated by various examinations and specialists. R. 18, 19. Additionally, Mr. Phillips testified he was able to do several activities at home including cooking, light housework, driving, shopping, caring for his own hygiene, and spending several hours a week alone with his young son. R. 19, 34, 45, 46. Mr. Phillips' ability to complete these daily activities and the objective medical evidence do not support Dr. Moseley's recommendation that Mr. Phillips is not able to work.

Having assigned moderate evidentiary weight to Dr. Moseley's opinion, the ALJ also assigned significant evidentiary weight to the opinion of the state agency medical consultant, who found Mr. Phillips capable of performing limited light work. R. 21. The ALJ may consider non-examining medical opinions. 20 C.F.R. §§ 404.1527(f) and 416.927(f). Mr. Phillips claims the non-examining state agency physician, Dr. Moreno, provided no rationale for his medical opinion that Mr. Phillips could perform light work. ECF No. 10 at 14. However, Dr. Moreno relied on objective medical evidence and concluded that Mr. Phillips' sleep apnea, diabetes, and sinus tachycardia were all controlled with treatment and medication, no other existing condition limited Mr. Phillips from performing light work, and there was no evidence of depression or debilitating symptoms. R. 95, 105-106. Dr. Moreno also considered Dr. Moseley's opinions,

but found them inconsistent with other objective medical evidence in the record. R. 107. The ALJ is permitted to afford significant weight to a non-examining state agency physician when they provide a rationale for their opinions and their conclusions are supported by substantial evidence, including testimony from the claimant. 20 C.F.R. § 404.1527(e)(2). Therefore, the Court would find that the ALJ did not err in assigning the state agency medical consultant's opinion significant weight.

The ALJ also did not fail to adequately consider the factors in 20 C.F.R. §§ 404.1527(c)(2)-(6) and 416.927(c)(2)-(6). Mr. Phillips states that even assuming, *arguendo*, the ALJ was not required to give controlling weight to Dr. Moseley's opinion, the ALJ still failed to adequately consider all the factors required in his decision. ECF No. 10 at 15. To the extent the ALJ failed to expressly address all of the preceding factors, this failure alone does not justify a finding that the ALJ's decision is not supported by substantial evidence in the record. *See Lusardi v. Astrue*, 350 F. App'x 169, 172 (9th Cir. 2009) ("The ALJ did not expressly address all of the factors listed in 20 C.F.R. § 404.1527([c](1)-(6) in determining the weight to be given to [the treating physician's] opinion[,] …. [I]n his decision, the ALJ specifically stated that he considered the § 404.1527([c]) factors.") (unpublished). Here, the ALJ explained that he "considered opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p." R. 17. Therefore, the ALJ expressly addressed the above factors.

The ALJ identified Dr. Moseley as Mr. Phillips' primary care provider, and traced Mr. Phillips' medical visits with him over the course of several years. R. 18-19. Notably, the ALJ found Dr. Moseley's opinion was not consistent with the record as a whole. R. 20. Moreover, the ALJ noted that Dr. Moseley is not a specialist, but instead referred Mr. Phillips to several

9

specialists for consultations including a cardiologist, R. 18, Ex. 2F; a gastroenterologist, R. 19, Ex. 12F; a hematologist/oncologist, R. 19, Ex. 12F; and a neurologist, R. 19, 15F.

Overall, substantial evidence in the record supports the ALJ's assignment of moderate weight to Dr. Moseley's opinion, in accordance with controlling rulings and regulations. The ALJ still accounted for Mr. Phillips' degenerative disc disease and found he suffered from severe impairments including rhabdomyolysis, kidney disorder, cardiac disorder, diabetes mellitus, and back disorder. R. 14. The ALJ found Mr. Phillips has the RFC to perform light work as defined in 20 C.F.R. §§ 4041567(b) and 416.967(b), except he requires the opportunity to alternate positions between sitting and standing; he cannot climb or be exposed to heights or hazards; and he can perform other postural activities no more than occasionally. R. 21. Therefore, substantial evidence supports the ALJ's decision affording Dr. Moseley's opinion moderate weight.

**B. The ALJ Properly Evaluated Mr. Phillips' Credibility in Determining His Ability to Perform Substantial Gainful Activity.**

Mr. Phillips also argues that the ALJ failed to properly evaluate Mr. Phillips' credibility. The ALJ found Mr. Phillips' medically determinable impairments could reasonably be expected to cause the alleged symptoms, however the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent they were inconsistent with the residual functional capacity assessment. R. 18. The ALJ's credibility assessments are to be given deference. *See N.L.R.B. v. Lee Hotel Corp.*, 13 F.3d 1347, 1351 (9th Cir. 1994) ("The ALJ's credibility determinations should not be reversed unless inherently incredible or patently unreasonable"); *see also Jones v. Sullivan*, 738 F. Supp. 991, 996 (E.D. Va. 1990) ("In *Shively*, the Fourth Circuit stated that '[b]ecause he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight.'") (citing *Tyler v. Weinberger*, 409 F.

Supp. 776 (E.D. Va. 1976)).  Therefore, the Court's analysis is restricted to determining whether the ALJ's decision is supported by substantial evidence and whether the ALJ applied the appropriate legal standard. *Craig*, 76 F.3d at 589.

In evaluating a claimant's subjective complaints regarding pain or other symptoms, the ALJ must follow a two-step process: (1) determine whether there is objective medical evidence in the record that shows the existence of a medical impairment or impairment that could reasonably expected to produce the pain or other symptoms alleged; and (2)  evaluate the intensity and persistence of the claimant's pain and symptoms and the extent to which they affect his ability to work. 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1); *see also Craig*, 76 F.3d at 594-95; SSR 96-7p.  In conducting the second step of the analysis, the ALJ is required to make a credibility determination "whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence." SSR 96-7p, 1996 WL 374186, at *2; *see also* 20 C.F.R. § 404.1529(c)(4).

The ALJ determined that Mr. Phillips met step one because the record contained evidence of several conditions which could reasonably be expected to produce some of the pain that Mr. Phillips exhibited. R. 18.  However, the ALJ weighed the intensity and persistence of Mr. Phillips' pain in step two and determined that Mr. Phillips' condition was not of such a degree that it would affect his ability to work. *Id.*  The ALJ considered whether Mr. Phillips' complaints of pain were credible in light of his daily activities. R. 19.  The ALJ found that they were not. R. 18.

Mr. Phillips testified to performing various household activities daily including cooking, light housework, driving, shopping, caring for his own hygiene, and caring for his young son several hours a week. R. 19.  While a claimant's ability to participate in limited household

11

chores by itself does not prove that he has the ability to perform substantial gainful activity, the ALJ is allowed to consider these activities among other factors. 20 C.F.R. § 404.1529(c)(3). Further, evidence of the claimant's daily activities or ability to function while on medication may undermine the claim of disability. *Baxter v. Astrue*, 3:11-CV-679, 2013 WL 499338 (E.D. Va. Feb. 7, 2013). Despite some pain, Mr. Phillips was able to complete light work. R. 19, 34, 45, 46. The ALJ also did not equate his daily activities with the requirements of working a full eight-hour day, but found his RFC limited to light work with exceptions. R. 21. The ALJ did consider his daily activities, as permitted by SSR 96-7p, which proved to not be as limiting as expected based on Mr. Phillips' testimony. R. 19.

The ALJ provided substantial evidence to support his credibility finding. Based on objective medical evidence, the findings did not substantiate Mr. Phillips' claims of pain intensity and symptoms. R. 18, 19. Several medical examinations and consultations revealed normal results and were inconsistent with the intensity of pain as described by Mr. Phillips. *Id.* Further, his own testimony revealed he is capable of performing light housework and various tasks, which are permitted to be relied upon by the ALJ in determining the assessment of credibility. R. 34, 45, 46. SSR 96-7p. Therefore, the Court would find that the ALJ's credibility determination was supported by substantial evidence, and he did not err in concluding that despite some pain and difficulty in some routine activities, Mr. Phillips is able to perform light work.

## IV. RECOMMENDATION

For these reasons, the undersigned **FINDS** that the Acting Commissioner's decision is supported by substantial evidence and complies with the applicable law. Therefore, the undersigned **RECOMMENDS** the Commissioner's Motion for Summary Judgment, ECF No.

11, be **GRANTED**, Mr. Phillips' Motion for Summary Judgment, ECF No. 8, and his Motion for

Remand, ECF No. 9, be **DENIED**, the final decision of the Commissioner be **AFFIRMED**, and

this matter be **DISMISSED WITH PREJUDICE**.

## V. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific

written objections to the above findings and recommendations within fourteen days from the date

this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C);

FED. R. CIV. P. 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party

may respond to another party's specific written objections within fourteen days after being

served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of

this Report and Recommendation or specified findings or recommendations to which objection is

made. The parties are further notified that failure to file timely specific written objections to the

above findings and recommendations will result in a waiver of the right to appeal from a

judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S.

140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91

(4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to

counsel of record for the parties.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
October 29, 2013

## CLERK'S MAILING CERTIFICATE

A copy of this Report and Recommendation was mailed on this date to the following:

Joel C. Cunningham, Jr.
Joel C. Cunningham, Jr., P.C.
120 Edmunds Boulevard
P.O. Box 459
Halifax, Virginia 24558
Counsel for Plaintiff

Virginia L. Van Valkenburg
United States Attorney's Office
World Trade Center
101 W. Main Street, Suite 8000
Norfolk, Virginia 23510
Counsel for the Defendant

Fernando Galindo
Clerk of the Court

By:    *R. Simmons*
       Deputy Clerk
       October **30**, 2013